UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISAAC RAMALES, on behalf himself and others similarly situated,

        Plaintiffs,

-against-

GRAND FOOD SERVICE LLC d/b/a TOWERS CAFÉ and SAVVAS TSIATTALOS,

        Defendants.

---

Index No. 11-cv- 2709

**ANSWER, SEPARATE DEFENSES, JURY DEMAND AND COUNTERCLAIM**

    Defendants, Grand Food Service LLC ("Grand Food") and Savvas Tsiattalos ("Tsiattalos") (collectively, "Defendants") by way of Answer allege and say as follows:

## AS TO THE INTRODUCTION

    1.    Defendants admit that Plaintiff Isaac Ramales ("Plaintiff") makes said allegations in Paragraph 1, but Defendants deny that Plaintiff is entitled to any relief.

    2.    Defendants admit that Plaintiff makes said allegations in Paragraph 2, but Defendants deny that Plaintiff is entitled to any relief.

## AS TO THE JURISDICTION AND VENUE

    3.    Defendants neither admit nor deny the allegations in Paragraph 3 as same state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny same.

    4.    Defendants neither admit nor deny the allegations in Paragraph 4 as same state legal conclusions to which no response is required.

## AS TO THE PARTIES

    5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

7.      Defendants admit that Tsiattalos is an individual but deny all of the remaining allegations in Paragraph 7.

8.      Defendants admit that Plaintiff was employed by Grand Food in Bronx County, New York, was last employed by Grand Food on or about March 14, 2011, make no response to his status as same constitutes a legal conclusion to which no response is required, and Defendants deny all of the remaining allegations in Paragraph 8.

9.      Defendants neither admit nor deny the allegations contained in Paragraph 9 as same constitute legal conclusion to which no response is required.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants deny the allegations in Paragraph 14.

15.     Defendants neither admit nor the allegations contained in Paragraph 15 as same state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny same.

## AS TO THE STATEMENT OF FACTS

16.     Defendants admit that Plaintiff was hired by Grand Food, make no response to his status as same constitutes a legal conclusion to which no response is required, and deny all of the remaining allegations contained in Paragraph 16.

17.     Other than to admit that Plaintiff was last employed on or about March 14, 2011, Defendants deny all of the allegations contained in Paragraph 17.

18.     Defendants admit that Tsiattalos is an individual who manages and makes certain business decisions such as those set forth therein, but Defendants deny all of the remaining allegations contained in Paragraph 18.

19.     Defendants admit that there were occasions that Plaintiff worked over 40 hours in a given week, but Defendants deny all of the remaining allegations contained in Paragraph 19.

20.     Defendants deny the allegations contained in Paragraph 20.

21.     Defendants deny the allegations contained in Paragraph 21.

22.     Defendants deny the allegations contained in Paragraph 22.

23.     Defendants deny the allegations contained in Paragraph 23.

24.     Defendants deny the allegations contained in Paragraph 24.

25.     Defendants deny the allegations contained in Paragraph 25.

26.     Defendants deny the allegations contained in Paragraph 26.

27.     Defendants deny the allegations contained in Paragraph 27.

28.     Defendants deny the allegations contained in Paragraph 28.

29.     Defendants deny the allegations contained in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30.

31.     Defendants deny the allegations contained in Paragraph 31.

32.     Defendants deny the allegations contained in Paragraph 32.

## AS TO THE STATEMENT OF CLAIM

## FIRST COUNT

33.     Defendants repeat and reallege all of their responses to the previous allegations as if same were fully set forth herein at length.

34. The allegations contained in Paragraph 34 state legal conclusions to which no response is required.

35. Defendants admit that Grand Food employed Plaintiff but deny all of the remaining allegations contained in Paragraph 35.

36. Defendants admit the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. The allegations contained in Paragraph 40 state legal conclusions to which no response is required.

41. The allegations contained in Paragraph 41 state legal conclusions to which no response is required.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants admit having appropriate records and deny all of the remaining allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

## SECOND COUNT

51.     Defendants repeat and reallege all of their responses to the previous allegations as if same were fully set forth herein at length.

52.     Defendants admit that Grand Food employed Plaintiff, but deny all the remaining allegations contained in Paragraph 52.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54.

55.     Defendants deny the allegations contained in Paragraph 55.

56.     Defendants deny the allegations contained in Paragraph 56.

57.     Defendants deny the allegations contained in Paragraph 57.

58.     Defendants admit that Plaintiff seeks liquidated damages but deny all of the remaining allegations contained in Paragraph 58.

WHEREFORE, Defendants demand judgment dismissing the Complaint together with counsel fees and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff fails to state a claim upon which may be granted, either individually or on behalf of the persons he purports to represent.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

49207/0001-7712395v1

### FOURTH SEPARATE DEFENSE

This action may not be maintained as a collective action because the named Plaintiff is not similarly situated to, or otherwise an adequate representative of, the persons whom he purports to represent.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH SEPARATE DEFENSE

All actions taken by these Defendants were undertaken in good faith and with reasonable grounds for believing that such actions were not in violation of federal or New York State law.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims for liquidated damages are barred, in whole or in part, because all actions taken by these Defendants were undertaken in good faith and with reasonable grounds for believing that such actions were not in violation of federal or New York State law.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### NINTH SEPARATE DEFENSE

This Court should not exercise supplemental jurisdiction over the Counts in the Complaint that purport to arise under New York State law.

### TENTH SEPARATE DEFENSE

Plaintiff fails to state a claim upon which prejudgment interest may be granted.

49207/0001-7712395v1

### ELEVENTH SEPARATE DEFENSE

At all relevant time, the actions of these Defendants were justified under the circumstances and Defendants acted in a manner that was proper, reasonable, lawful and in the exercise of good faith.

### TWELFTH SEPARATE DEFENSE

At no time did these Defendants act in a willful, wanton, reckless and/or malicious manner or with reckless disregard of either the FLSA or New York State law.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff suffered no injuries and/or damages as a result of any alleged acts or omissions by these Defendants.

### FOURTEENTH SEPARATE DEFENSE

These Defendants are not liable for any damages, including liquidated damages.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *de minimus* doctrine.

### SIXTEENTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by, among other things, the FLSA.

### SEVENTEENTH SEPARATE DEFENSE

This action is not appropriate as a collective action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and the purported collective action members.

### EIGHTEENTH SEPARATE DEFENSE

This case is not appropriate as a collective action as the named Plaintiff and/or purported collective action members are not similarly situated.

7

### NINETEENTH SEPARATE DEFENSE

Plaintiff cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating this controversy.

### TWENTIETH SEPARATE DEFENSE

Plaintiff is not entitled to any equitable relief as he has an adequate remedy at law.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claims are barred, or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff may not prosecute his claims as a class action based upon CPLR § 901(b).

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff cannot prosecute his claims as an opt-out class as same would circumvent the opt-in requirement of the FLSA and undermine Congress' intent to limit these types of claims to collective actions.

### COUNTERCLAIM

Defendant-Counterclaimant Grand Food Service, LLC, by way of Counterclaim against Plaintiff Isaac Ramales ("Ramales"), alleges and says:

### FIRST COUNT
(Background)

1. Ramales was hired by Grand Food on or about July 16, 2006 to work in Grand Food's restaurant at Bronx Lebanon Hospital.

2. Tsiattalos does his best to keep the prices Grand Food charges as low as possible in order to best serve Bronx Lebanon Hospital's staff and those who visit patients at the hospital.

3. Ramales left Grand Food's employ on or about January 7, 2007 and was rehired on or about July 8, 2008 until he quit on or about March 14, 2011.

4. At various time during his employment Ramales stole money from Grand Food.

5. Ramales would steal as much as $200 per day, if not more, on weekends when Tsiattalos was not at the restaurant.

6. Tsiattalos was informed by another employee (the "informant") about Ramales and two other employees stealing money after the informant witnessed Ramales with large amounts of cash.

7. Tsiattalos confronted Ramales about the allegation made by the informant, and Ramales admitted having stolen from Grand Food.

8. Rather than fire Ramales, and contrary to his better judgment, Tsiattalos gave Ramales a second chance and allowed him to remain employed by Grand Food.

9. Each week Ramales would sign a ledger confirming Grand Food paid his base salary plus overtime pay.

10. On or about March 14, 2011, Ramales voluntarily resigned from Grand Food.

11. On the day of his voluntary resignation, Tsiattalos had Ramales sign the payroll ledger confirming that he had been fully paid all monies due and owing him by Grand Food.

49207/0001-7712395v1

12. Upon information and belief, during his employment Ramales gave away food belonging to Grand Food in exchange for illegal drugs.

## Cause For Action

13. Ramales stole thousands of dollars from Grand Food and converted same to his own use.

14. Upon information and belief, Ramales also gave away food belonging to Grand Food in exchange for illegal drugs.

15. As a direct and proximate result of Ramales' wrongful conduct, as aforesaid, Grand Food has suffered substantial damages.

WHEREFORE, Defendant-Counterclaimant Grand Food Service, LLC demands judgment on this the First Count of the Counterclaim against Plaintiff Isaac Ramales as follows:

    (a) Damages;

    (b) Punitive damages;

    (c) Interest;

    (d) Reasonable attorneys' fees;

    (e) Costs of suit; and

    (f) Such further relief as this Court deems just and equitable under the circumstances.

## SECOND COUNT

16. Grand Food repeats and realleges all of the allegations in the previous count as if same were fully set forth herein at length.

49207/0001-7712395v1

17.     Should Ramales not be ordered to reimburse Grand Food for all of the money he stole plus interest, as well as for the food he gave away for free, Ramales will be unjustly enriched to Grand Food's substantial detriment.

WHEREFORE, Defendant-Counterclaimant Grand Food Service, LLC demands judgment on this the Second Count of the Counterclaim against Plaintiff Isaac Ramales as follows:

(a)     Damages;

(b)     Interest;

(c)     Reasonable attorneys' fees;

(d)     Costs of suit; and

(e)     Such further relief as this Court deems just and equitable under the circumstances.

## JURY DEMAND

Defendants and Counterclaimant demand a trial by jury on all issues so triable.

> COLE, SCHOTZ, MEISEL,
> FORMAN & LEONARD, P.A.
> A Professional Corporation
> Attorneys for Defendants,
> Grand Food Service LLC d/b/a Towers
> Café and Savvas Tsiattalos
>
>
> By:   */s/ Jed M. Weiss*
> Jed M. Weiss
> 900 Third Avenue, 16th Floor
> New York, NY 10022-4728
> (212) 752-8000

DATED: New York, New York
June 29, 2011